THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERRY WAYNE KOHL,<br><br>Defendant. | CASE NO. CR21-174-JCC-13<br><br>ORDER |

This matter comes before the Court on Defendant's motion for severance. (Dkt. No. 609.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

I.   **BACKGROUND** [1]

Jerry Wayne Kohl is one of seventeen defendants charged in a drug conspiracy case. (*See* Dkt. 584 (Second Superseding Indictment).) Several co-defendants have entered guilty pleas. One co-defendant, Amado Pedro Castillo, is scheduled for trial at the same time as Mr. Kohl, who is charged with one count of Conspiracy to Distribute Controlled Substances and six counts of Possession of Controlled Substances with Intent to Distribute. (*Id.*) Mr. Kohl seeks to sever

---

[1] This background information is a summary of the allegations as characterized in Defendant's motion and the Government's response thereto. The Court does not make factual findings at this time.

ORDER
PAGE - 1

his case from Mr. Castillo. (Dkt. No. 609.)

Mr. Kohl alleges, and the Government concedes, that he and Mr. Castillo held very different roles in the alleged conspiracy. (*See generally* Dkt. Nos. 609, 621.) Specifically, the Government alleges Mr. Castillo was a "core member" of a drug trafficking organization run by co-defendant Jose Alfredo Maldonado-Ramirez. (*See* Dkt. No. 570 at 5.) By contrast, the Government characterizes Mr. Kohl's participation as consisting of redistributing drugs locally in the Washington area. (*See* Dkt. No. 621.) Further to the point, the Government states that Mr. Kohl had little direct contact with the leaders of the organization. (*Id.*) The same is not true for Mr. Castillo whom, as the Government states, "was part of the smaller number of individuals at the top of the organization." (Dkt. No. 621 at 2.) On this basis, Mr. Kohl seeks to sever his trial from that of Mr. Castillo. (*See generally* Dkt. No. 609.)

## II. DISCUSSION

In seeking severance, Mr. Kohl argues that a joint trial would be prejudicial, as the Government lacks evidence against him as compared to his co-defendant, Mr. Castillo, pertaining to a high-level role in the drug conspiracy. (*See generally* Dkt. No. 609.) In fact, the Government has not alleged that Mr. Kohl had any high-level organizational role. (*See generally* Dkt. No. 621.) Thus, because a large portion of the discovery in this case relates to individuals the Government alleges are high-level members of the conspiracy, Mr. Kohl argues this would lead the jury to find him guilty by association. (Dkt. No. 609 at 4.)

"Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "Joint trials play a vital role in the criminal justice system." *Id.* (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). "They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts.'" *Zafiro*,

506 U.S. at 537 (quoting *Richardson*, 481 U.S. at 210.) Federal Rule of Criminal Procedure 14, however, recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government and should give way to afford the parties a fair trial. *Zafiro*, 506 U.S. at 538. "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538. "A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Here, Mr. Kohl does not argue that a specific trial right would be violated; rather, he argues that a joint trial would preclude the jury from making a reliable judgment about his guilt or innocence because the Government will introduce an "immense" quantity of evidence against his co-defendant, Mr. Castillo, that would not otherwise be admissible against him. (Dkt. No. 609 at 4.) However, the Ninth Circuit has repeatedly held that disparity in volume of evidence alone is not grounds for severance. *See United States v. Taren-Palma*, 997 F.2d 525, 533 (9th Cir. 1993) ("The fact that more evidence was introduced against his codefendant is insufficient to show that joinder was improper."); *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986) ("The mere fact that there may be more incriminating evidence against one codefendant than another does not provide a sufficient justification for separate trials."); *United States v. Brady*, 579 F.2d 1121, 1128 (9th Cir. 1978) ("[T]he fact that the evidence against one codefendant is more damaging than the evidence against another one is not a ground for severance.").

The Government seemingly concedes that the evidence supporting guilt for Mr. Kohl is

distinct from the evidence supporting Mr. Castillo's guilt. (*See generally* Dkt. No. 621.) The Government further states, and the Court agrees, that due to their distinct roles in the conspiracy, the evidence supporting the defendants' respective charges can be segregated at trial. Hence, it does not appear that the evidence the Government wishes to proffer at trial for each respective defendant will hinder the jury's ability to reach a determination of guilt or innocence. To the extent the jury hears evidence that it would not have heard in a severed trial, the Court can instruct the jury accordingly. "The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1988).

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to sever (Dkt. No. 609) is DENIED.

DATED this 21st day of September 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE